IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF R-G PREMIER BANK OF PUERTO RICO

    Plaintiff,

v.

VICTOR J. GALÁN-ALVAREZ, et al.

    Defendants

Civil No. 12-1029

## JOINT PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)

In accordance with Federal Rule of Civil Procedure 26(f), counsel for all the parties to the above-captioned matter conferred on April 9, 2012 and on April 16, 2012, and agreed to the following Proposed Discovery Plan, which they hereby submit for this Court's consideration:

### A.    INITIAL DISCLOSURE

The parties agree that all normal provisions of Rule 26(a) should govern initial disclosures in this case.  Accordingly, the parties have agreed to make all initial disclosures on or before June 29, 2012.

### B.    SCOPE OF DISCOVERY AND PROPOSED SCHEDULE

The parties have agreed that discovery, which may include discovery to third parties not named in this matter, pursuant to the Federal Rules of Civil Procedure, will include the following subjects:

1.    The alleged actions and/or omissions by any Defendant, in his or her capacity as a director and/or officer, or as an independent contractor, of R-G Premier Bank of Puerto Rico, that occurred between May 31, 1999, and April 30, 2010.

2. The origination, approval, underwriting, and/or administration of any loan during the period from 2003 – 2010, including the seventy-seven (77) transactions referenced by Plaintiff in its Complaint, and the review, classification or audit of these loans by any regulatory authority or third party, and including credit policies, guidelines, and authorities of the bank during that time period.

3. The alleged damages suffered by Plaintiff, including but not limited to any evidence relating to mitigation (or failure to mitigate) losses, rates and performance of loans, loss/share agreements associated with any outstanding loans at the time of the bank's closing, including the seventy-seven (77) loans referenced by Plaintiff in its Complaint, and actual losses suffered on the seventy-seven (77) loans referenced by the Plaintiff in its Complaint.

4. Information about the individuals or entities who were the borrowers in the seventy-seven (77) transactions referenced by Plaintiff in its Complaint.

5. The regulatory oversight of R-G Premier Bank of Puerto Rico between May 31, 1999 and April 30, 2010, including but not limited to any internal and external reviews or reports which may relate to any of the allegations of the Complaint or any defenses raised by Defendants.

6. The factual allegations and legal contentions made by Plaintiff in the Complaint and any defenses thereto.

7. The structure, operation and function of R-G Premier Bank of Puerto Rico from 1999 -2010, including the departments or responsible for loans and oversight for such departments.

8. Any event that may have been an intervening cause of loss to R-G Premier Bank of Puerto Rico, including but not limited to the effect of the financial crisis on R-G Premier Bank of Puerto Rico, and any other events that related to the failure of borrowers to repay loans.

9. The industry standard or accepted practice relating to structure of banks during the relevant period, underwriting and loan administration standards, including any policies or guidelines for the hiring or contracting of independent contractors.

10. The application of the statute of limitations, estoppel, waiver, mitigation of damages, ratification and any other affirmative defense to Plaintiff's claims.

11. Other issues as may be identified as the case proceeds.

The parties have further agreed that discovery should proceed in three stages according to the following schedule:

| | |
|---|---|
| **Close of Document Discovery:** | **December 6, 2012** |
| **Close of All Fact Discovery:** | **May 15, 2013** |
| **Close of All (Including Expert) Discovery:** | **July 12, 2013** |

**C.     ELECTRONICALLY STORED INFORMATION**

The parties anticipate that discovery of electronically stored information ("ESI") will comprise the bulk of document discovery in this case.  The parties also expect that ESI discovery will primarily consist of production by Plaintiff to the Defendants.  The parties have agreed that Plaintiff shall produce ESI to the Defendants according to the following procedure:

CATEGORY A PRODUCTION

Phase I:      No later than June 13, 2012, Plaintiff shall provide to Defendants an inventory describing approximately 160,000 items of ESI ("Category A ESI"), which consists of electronic scans of hard copies of documents collected by Plaintiff as Receiver of R-G.

Phase II:     No later than June 22, 2012, each Defendant shall identify to Plaintiff all Category A ESI that such Defendants requests to be produced.

Phase III:    No later than July 20, 2012, Plaintiff shall produce to the Defendants all Category A ESI that any Defendant identified for production, subject to Plaintiff's privilege review and claw back in Phase IV below.

Phase IV:     No later than August 17, 2012, Plaintiff shall identify any Category A ESI that has been produced and which Plaintiff believes in good faith is privileged and, on that basis, subject to withholding from production to Defendants.

CATEGORY B PRODUCTION

Phase A:      No later than June 13, 2012, Defendants shall serve on Plaintiff requests for production of documents ("RFP"s) pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Phase B:      No later than June 22, 2012, Plaintiff shall propose search terms and search strings that are intended to comprehensively identify all electronic documents in its possession, custody or control that are potentially responsive to Defendants' RFPs, which documents may include Category A ESI ("Category B ESI").  No later than July 6, 2012, Defendants shall

identify any additional search terms or search strings to identify Category B ESI (collectively, "Category B ESI Search Terms"). It is understood by the parties that nothing in this agreement shall constitute a concession by Defendants that the use of search terms or other mechanisms to identify Category B ESI exhausts the obligations imposed by Plaintiff by the Federal Rules of Civil Procedure, or any other law, rule, or regulation governing discovery.

Phase C:    No later than July 23, 2012, Plaintiff shall provide each Defendant with the means to remotely access and review all Category B ESI. Defendants will not be provided with the means to obtain and/or copy ESI at this stage. It is nevertheless understood that Plaintiff shall make all Category B ESI available via an electronic document review platform that will permit Defendants to make annotations, apply tagging schemes, and otherwise administer their review, and that such annotations, tagging schemes, and review shall be kept segregated from Plaintiff's view and access to the document review platform via an ethical wall or otherwise.

Phase D:    No later than August 31, 2012, each Defendant shall identify to Plaintiff all Category B ESI that such Defendant requests for production. Each Defendant shall have the right to identify specific ESI by a unique document number. If during the review in this Phase D, any Defendant concludes in good faith that additional terms should be included in Category B ESI Search Terms the Defendant shall promptly notify Plaintiff thereof and the parties shall confer in good faith as soon as possible thereafter regarding conducting additional searches inclusive of these terms.

Phase E:    No later than September 24, 2012, Plaintiff shall produce and deliver to each Defendant electronic copies of all Category B ESI that any Defendant identified for production in Phase D, subject to Plaintiff's privilege review as contemplated under Phase F.

Phase F:    No later than November 6, 2012, Plaintiff shall identify any Category B ESI that has been produced and which Plaintiff believes in good faith is privileged and, on that basis, subject to withholding from production to Defendants.

**The parties agree that if they are unable to amicably resolve any disagreement that may arise during the implementation of the discovery procedures contemplated herein with respect to ESI, including but not limited to any claim by Plaintiff that a document may be withheld under any applicable privilege, or any claim by Plaintiff that a document is not**

**otherwise discoverable, the close of document discovery shall be extended for as much time as is necessary for the parties to resolve the disputed issue before the Court, but solely for the purpose of resolving any remaining disputed issues.  Document discovery with respect to all other matters shall close on December 6, 2012.**

**Nothing in this agreement shall waive, limit or modify any of the parties' rights and obligations with respect to the discovery under the Federal Rules of Civil Procedures and all other applicable laws or regulations concerning discovery.**

### D.  PRIVILEGE CLAIMS

The parties have agreed that assertions of and/or disputes over privilege shall be governed by the Stipulated Protective Order entered by this Court on April 4, 2012 (ECF No. 49).  The parties have also agreed to comply with the provisions of Federal Rule of Civil Procedure 26(b)(5) when withholding documents for privilege.  The parties anticipate that the following privileges are likely to be at issue in this action:

1. Attorney-client privilege

2. Work product privilege

3. Bank examination privilege

4. Deliberative process privilege

### E.  LIMITATIONS ON DISCOVERY

The parties agree that there is no need to limit or restrict discovery beyond the normal limits already imposed by the Federal Rules of Civil Procedure or this Court's local rules.

### F.  OTHER ORDERS PER RULES 26(c), 16(b) AND 16(c)

The parties recognize that the scope of reasonable discovery in this case is likely to include the production of certain information of highly confidential and sensitive nature.

6

Accordingly, the parties have agreed to a Stipulated Protective Order, which this Court entered

on April 4, 2012.  The parties do not presently anticipate any need for this Court to issue

additional orders pursuant to Rules 26(c), 16(b), or 16(c) of the Federal Rules of Civil Procedure.

**AGREED AND APPROVED:**

| | |
|---|---|
| s/Dennis S. Klein | s/Jairo A. Mellado-Villareal |
| Attorney for FDIC-R | Attorney for FDIC-R |
| Hughes Hubbard & Reed LLP | Mellado & Mellado Villareal |
| 201 S Biscayne Blvd. | 165 Ponce de Leon Ave. |
| Suite 2500 | Suite 202 |
| Miami, FL 33131-4305 | San Juan, PR 00917-1233 |
| Tel: 305-379-5574 | Tel: 787-767-2600 |
| Fax: 305-371-8759 | Fax: 787-767-2645 |
| klein@hugheshubbard.com | jmellado@mellado.com |

| | |
|---|---|
| s/Mary C. Gill | s/Gustavo A. Gelpi |
| Attorney for Victor J. Galan-Alvarez, Nelida Fundora, Conjugal Partnership Galan-Fundora, Victor L. Galan-Fundora, and Magdalena Martinez, and Conjugal Partnership Galan-Martinez | Francisco G. Bruno-Rovira Attorney for Victor J. Galan-Alvarez, Nelida Fundora, Conjugal Partnership Galan-Fundora, Victor L. Galan-Fundora, and Magdalena Martinez, and Conjugal Partnership Galan-Martinez |
| Alston & Bird LLP | McConnell Valdes |
| 1201 West Peachthree Street | P.O. Box 364225 |
| Atlanta, GA 30309 | San Juan, PR 00936-4225 |
| Tel: 404-881-7276 | Tel: 787-250-5605 |
| Fax: 404-253-8192 | Fax: 787-759-2797 |
| mary.gill@alston.com | gag@mcvpr.com |
| | fgb@mcvpr.com |

s/Breon S. Peace
Attorney for Juan Agosto Alicea, Daphne Bouet Grana, Conjugal Partnership Agosto-Bouet, Laureano Carus, Nilda Gonzalez, Conjugal Partnership Carus-Gonzalez, Ileana Colon-Carlo, Jose Gonzalez, Conjugal Partnership Colon-Gonzalez, Benigno Fernandez, Jacqueline McNee, Conjugal Partnership Fernandez-McNee, Melba Figueroa-Padilla, Roberto Gorbea-Frontera, Nellie Diaz-Pabon, Conjugal Partnership Gorbea-Diaz, Eduardo McCormack, Ivan Mendez, Raquel Miro Cordero, Conjugal Partnership Mendez-Miro, Rafael Nin-Torregrosa, Doris Price, Conjugal Partnership Nin-Price, Gilberto Rivera-Arreaga, Grisel Fuentes, Conjugal Partnership Rivera-Fuentes, Rolando Rodriguez Mancebo, Maria Vina, Conjugal Partnership Rodriguez-Vina, and Enrique Umpierre-Suarez
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel: 212-225-2059
Fax: 212-225-3999
bpeace@cgsh.com

s/Heriberto J. Burgos-Perez
Attorney for Juan Agosto Alicea, Daphne Bouet Grana, Conjugal Partnership Agosto-Bouet, Laureano Carus, Nilda Gonzalez, Conjugal Partnership Carus-Gonzalez, Ileana Colon-Carlo, Jose Gonzalez, Conjugal Partnership Colon-Gonzalez, Benigno Fernandez, Jacqueline McNee, Conjugal Partnership Fernandez-McNee, Melba Figueroa-Padilla, Roberto Gorbea-Frontera, Nellie Diaz-Pabon, Conjugal Partnership Gorbea-Diaz, Eduardo McCormack, Marina Valentin, Conjugal Partnership McCormack-Valentin, Ivan Mendez, Raquel Miro Cordero, Conjugal Partnership Mendez-Miro, Rafael Nin-Torregrosa, Doris Price, Conjugal Partnership Nin-Price, Gilberto Rivera-Arreaga, Grisel Fuentes, Conjugal Partnership Rivera-Fuentes, Rolando Rodriguez Mancebo, Maria Vina, Conjugal Partnership Rodriguez-Vina, and Enrique Umpierre-Suarez
Casellas, Alcover & Burgos PSC
PO Box 364924
San Juan, PR 00936-4924
Tel: 787-756-1400 x225
Fax: 787-756-1401
hburgos@cabprlaw.com

s/David H. Topol
Attorney for XL Specialty Insurance Company
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: 202-719-7000
Fax: 202-719-7049
dtopol@wileyrein.com

s/Harold D. Vicente-Colon
Attorney for XL Specialty Insurance Company
Vicente & Cuebas
P. O. BOX 11609
San Juan, PR 00910-1609
Tel: 787-751-8000
Fax: 787-756-5250
hdvc@vc-law.net

8

s/Ramon A. Cestero-Jr.
racestero@hotmail.com
Juan R. Rivera-Font
juan@riverafont.com
Attorneys for Joseph L. Abrahamson,
Margarita Colon, and Conjugal Partnership
Abrahamson-Colon
Ramon A. Cestero - Law Office
Juan R Rivera Font LLC
Tres Rios Building, Suite 300
27 Gonzalez Giusti
San Patricio
Guaynabo, PR 00968
Tel: 787-250-8040
Tel: 787-751-5290
Fax: 787-759-6768

s/Ignacio Rivera-Cordero
Attorney for Luis Berrios
Rivera, Barreto & Torres Manzano Law Office
PO Box 9023880
San Juan, PR 00902-3880
Tel: 787-724-6398
Fax: 787-725-1974
riveracorderoi@microjuris.com

s/Maria Cristina Mullan-Davila
Attorney for James Lynn, Sylvia Diaz-
Rodriguez, and Conjugal Partnership Lynn-
Diaz
Rios Gautier & Cestero, PSC
27 Gonzalez Giusti Ave.
Suite 300
Guaynabo, PR 00968
Tel: 787-753-7750
Fax: 787-759-6768
cmullan@riosgautierlaw.com

s/Osvaldo Carlo Linares, Esq.
Attorney for Victor Irizarry-Ortiz, Adriana
Roig-Lopez, and Conjugal Partnership Irizarry-
Roig
Carlo Law Offices, P.S.C.
American Airlines Building
1509 Lopez Landron 10th
San Juan, PR 00911
Tel: 787-721-6010
Fax: 787-721-3972
ocarlo@carlolaw.com

_____

Harry Anduze Montano
Attorney for Ramon Prats, Teresita Noble, and
Conjugal Partnership Prats-Noble
Harry Anduze Montano Law Offices
1454 Fernandez Juncos Avenue
San Juan, PR 00909
Tel: 787-723-7171
Fax: 787-723-7278
splaud@handuze.com