IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF R-G PREMIER BANK OF PUERTO RICO<br><br>  Plaintiff,<br><br>  v.<br><br>VICTOR J. GALÁN-ALVAREZ, et als<br><br>  Defendants | Civil No. 12-1029<br><br>RE:  Breach of Fiduciary Duties, Gross Negligence, Damages<br>Plaintiff Demands Trial by Jury |

**MOTION FOR MODIFICATION OF SCHEDULE PURSUANT
TO FED.R.CIV.P. 16(b)(4) AND REQUEST FOR STATUS CONFERENCE**

**TO THE HONORABLE COURT:**

   **NOW COMES** Plaintiff, the Federal Deposit Insurance Corporation (the "FDIC"), in its capacity as receiver (the "FDIC-R") for R-G Premier Bank of Puerto Rico ("R-G Premier" or the "Bank"), through its undersigned counsel, and respectfully requests that this Court reopen discovery on a limited basis.  In support of this Motion, the FDIC-R respectfully states, alleges and prays:

   1.   On June 14, 2012, the parties to the instant case jointly submitted a Joint Proposed Discovery Plan Pursuant to Rule 26(f) (the "Discovery Plan") (ECF No. 83) and a Motion Suggesting Dates for Case Management Order (the "Motion Suggesting Dates") (ECF No. 84). Subsequently, on March 7, 2013, the Court entered an Order (ECF No. 156) which granted the Discovery Plan and retroactively granted the Motion Suggesting Dates as to the deadlines fixed in its paragraphs 5(a), 5(b), and 5(c).  At this time, the parties reasonably and in good faith believed that they would be able to complete the extensive discovery required for this matter well within the proposed deadlines.

2. As the litigation progressed, however, the parties realized that intervening changes in circumstances made completing discovery under the originally proposed deadlines impossible. First, the parties hesitated to fully pursue discovery while the multiple Motions to Dismiss by various Defendants was pending. (ECF Nos. 67, 73, 90; *see also* ECF Nos. 86, 101-03, 111-13.) The parties hesitated to incur the significant expenses of full-blown discovery at this stage because they anticipated that the Court's ruling could potentially limit the scope of discovery by clarifying the scope of the FDIC-R's claims and/or dismissing parts of the FDIC-R's Complaint. Further, because this litigation implicates wasting insurance policies as the primary sources of recovery, the parties were especially reluctant to unnecessarily diminish the existing limits by pursuing burdensome and potentially unnecessary discovery.

3. The Court ruled on the Motions to Dismiss on March 7, 2013 (ECF Nos. 157-60.). By this time, the original deadline for document discovery had already expired on December 6, 2012.

4. Second, an unexpectedly broad and intractable discovery dispute arose between the parties. As a result, on November 16, 2012, the FDIC-R filed its Motion for Protective Order (ECF No. 125) and, on November 30, 2012, the Defendants filed their Motion to Compel (ECF No. 127). *See also* ECF Nos. 128, 135-38, 143, 209. The parties' disputes at this time broadly encompassed the entire process for discovery, including the discovery of over eight million items of electronically stored information possessed by the Bank at the time of its failure. Specifically, the parties disputed the appropriate production mechanism for these materials, as well as the allocation of costs of such production. Consequently, the parties were unwilling to proceed with discovery until the Court resolved their dispute.

5.Thus, discovery was essentially fully suspended until June 12, 2013, when the Court ruled on the pending discovery motions (ECF No 211). Unfortunately, the Court's ruling came nearly a month after the original deadline for the close of non-expert discovery (May 15, 2013), and nearly three months after the original deadline for expert disclosures (March 1, 2013).

6.Because of the above-described obstacles to completing discovery, on March 28, 2013, the parties jointly filed a Joint Motion Requesting that the Court Vacate The Order Entered March 6, 2013 (Dkt. 156) and Modify Case Management Order Deadlines (the "Motion to Modify Deadlines") (ECF No. 172). On May 13, 2013, or two days before the original deadline for the completion of non-expert discovery, and nearly two months after the original deadline for expert disclosures, the Court denied the Motions to Modify Deadlines (ECF No. 200).

7.At the time the Court denied the parties' Motion to Modify Deadlines, the parties believed that there was a high probability that this matter would be amicably resolved. Consequently, in order to minimize expense and to preserve the parties' respective resources, the parties informally agreed to effectively stay this litigation while pursuing a settlement.[1] Accordingly, the parties scheduled and participated in a mediation before Michael D. Young on August 31, 2013. Unfortunately, the parties were unable to reach an agreement at the mediation, and the parties are no longer confident that they will be able to successfully settle this matter.

8.Subsequent to the failure of the mediation, the Defendants have restarted this previously stilled litigation. Specifically, the Defendants have filed Motions for Summary Judgment (ECF No. 235).

---

[1] The FDIC-R did note and take depositions of Jose Diaz, Ana Mayorga, Juan Almeida Leon, and Francisco Almeida Leon. The FDIC-R initially scheduled these depositions prior to the discovery cut-off date, but rescheduled to accommodate other parties because it believed it would facilitate settlement negotiations and increase the likelihood of successful mediation.

9.     Under Federal Rule of Civil Procedure 16(b)(4), the Court may modify its scheduling orders for good cause.  In light of the obstacles that permitted only the most limited and insufficient discovery to be completed, and given the currently dim prospects for settlement, the FDIC-R respectfully submits that good cause exists for the Court to reopen discovery in this litigation.  The FDIC-R acknowledges that it was possible for the parties to proceed with potentially duplicative and/or unnecessary discovery before the Court ruled on the Motions to Dismiss, Motion for Protective Order, and Motion to Compel that were discussed above.  However, this litigation presented several unique circumstances that complicated discovery.

10.    Factually, discovery in this litigation primarily consisted of discovery of the plaintiff's (FDIC-R's) documents by the defendants.  Further, the FDIC-R had not itself created these documents, but instead inherited them from the Bank, which further complicated discovery.  Legally, the Motions to Dismiss, Motion for Protective Order, and Motion to Compel raised various significant issues, including the issue of when the statute of limitations began to accrue in a failed bank context, which had not been addressed by a federal court in Puerto Rico in over thirty years, as well as those unique to discovery of electronically stored information, which had not previously been addressed by Puerto Rico courts.  Because of the extreme uncertainty that pervaded discovery throughout this litigation, the parties felt compelled to await the Court's ruling.

11.    The FDIC-R respectfully submits that considerations of due process, and appreciation for the FDIC's mission to resolve failed financial institutions, strongly militate in favor of permitting the parties to complete discovery and setting a tentative trial date for this dispute. The FDIC-R therefore requests that the Court modify the case schedule to: (1) extend the time for non-expert discovery, including depositions, until two months after the date of the

Court's ruling on this Motion; (2) extend the time for expert disclosures and reports until three months after the date of the Court's ruling on this Motion; and (3) extend the time for expert depositions until four months after the date of the Court's ruling on this Motion.

12. The FDIC-R also requests that the Court schedule a status conference at its earliest convenience in order to facilitate the discussion and coordination of the above-suggested schedule. Finally, the FDIC-R requests that the Court set a pretrial conference in November 2014, and a trial date for February 2015, or such other similar date that would accommodate the Court's calendar.[2]

**WHEREFORE**, and in view of the foregoing, the FDIC-R respectfully requests that the Court enter an Order reopening discovery in this litigation, and permitting the parties to exchange documents, conduct depositions, and disclose expert witnesses until January 31, 2014.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of October, 2012.

s/Jairo Mellado-Villarreal
Jairo Mellado-Villarreal, 208112
Attorney for FDIC-R
MELLADO & MELLADO-VILLARREAL
165 Ponce de León Ave., Suite 202
San Juan, Puerto Rico  00917-1233
Tel. 787-767-2600/Fax 787-767-2645
E-mail jmellado@mellado.com

s/Dennis S. Klein
Dennis S. Klein, Esq., *pro hac vice*
klein@hugheshubbard.com
Attorney for FDIC-R
Hughes Hubbard & Reed LLP
201 S Biscayne Blvd.

---

[2] The FDIC-R respectfully reminds the Court that two of its attorneys in this litigation, Steven C. Morrison and Jairo Mellado-Villarreal, are also involved in another litigation before this Court, *FDIC v. Arrillaga*, Case No. 3:13-cv-01328, which was filed April 26, 2013, and is already scheduled for trial on August 9, 2014

Suite 2500
Miami, Fl 33131-4305
Tel. 305-358-1666/Fax. 305-371-8759

s/Steven C. Morrison
Steven C. Morrison, Esq.
Attorney for FDIC-R
Federal Deposit Insurance Corporation
7777 Baymeadows Way West, Suite 551L
Jacksonville, FL 32256
Tel. 904-256-3854/Fax. 904-256-3854
E-mail stemorrison@fdic.gov