THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Federal Deposit Insurance Corporation as Receiver of R-G Premier Bank of Puerto Rico
   **Plaintiff,**

        v.

Victor J. Galan-Alvarez, et al
   **Defendants.**

CIVIL NO. 12-1029 (PAD)

**ORDER**

This Order addresses various issues raised by FDIC-R's "Motion to Reopen Discovery and Stay D & O Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d)" (Docket No. 302).

The motion seeks to stay adjudication of defendants' motions for summary judgment, to reopen discovery, and to allow the parties to supplement their summary judgment briefs and exhibits with the new evidence (Docket No. 302, at p. 14). It was filed on Monday, April 14, 2014, eleven (11) calendar days after the Court denied FDIC-R's "Motion for Modification of Schedule Pursuant to Fed. R. Civ. P. 16(b)(4), and Request for Status Conference" (Docket No. 243). See Docket No. 295.

The Court views Docket No. 302 as an implicit request for reconsideration of Docket No. 295. Prior to adjudicating the motion, the Court will consider defendants positions on this matter. Consequently, defendants shall file their response to Docket No. 302 on or before May 12, 2014, addressing the topics identified in Part B of this Order. The background for this and related rulings follows.

A.

On September 10, 2013, XL Specialty Insurance Company moved for partial summary

Civil No. 12-1029 (PAD) Page 2

judgment (Docket No. 234). The same day, various D&O defendants filed a motion for summary judgment (Docket No. 235), which most of the remaining D&O defendants had joined by September 11, 2013 (Docket Nos. 236 and 238).

On October 25, 2013, FDIC-R filed Docket No. 243, and on November 19, 2013, it presented its opposition to the motions for summary judgment.[1] In opposing the D&O's motion for summary judgment, FDIC-R stated in a footnote at page 20 that "there are no specific facts the FDIC-R is unable to support with evidence, but that to the extent the Court disagreed, this weighed in favor of granting the Motion for Modification of Schedule" (Docket No. 243). Then, it added "See Fed.R.Civ. P. 56(d)." Id. at p. 20. Docket No. 243 makes no specific reference to the summary judgment record or explains why further discovery is necessary to oppose the motions for summary judgment.

On November 8, 2013, defendants opposed Docket No. 243 (Docket No. 246). In turn, on November 15, 2013, FDIC-R sought leave to reply to defendants' opposition (Docket No. 247), and the same day filed the corresponding Reply (Docket No. 248).

On April 3, 2014, the Court found moot Docket No. 247 in light of the order denying Docket No. 243 (Docket No. 196). Nevertheless, it hereby grants Docket No. 247 such that Docket No. 248 may be properly considered part of the record.

B.

The Court has reviewed the arguments set forth in Docket Nos. 243, 247, and 248, as well as those FDIC-R included in Docket No. 302. With this background:

1. Defendants should respond to Docket No. 302 on or before May 12, 2014.

2. The defendants shall brief the following points in their response:

   A. The elements that should inform the Court's discretion in adjudicating Docket No. 302, and whether those elements support FDIC-R's request;

---

[1] See Docket No. 252 as to XL Specialty Insurance, and Docket No. 255 as to the D&O's.

    B.  The arguments FDIC-R has raised in Docket No. 302, including: (a) necessary discovery was beyond the reach of the FDIC-R due to circumstances out of its control (Docket No. 302 at pages 6-9); (b) FDIC-R has a plausible basis that additional facts, which would suffice to defeat the pending summary judgment motion, exist and can be retrieved within a reasonable time (Docket No. 302, at pp. 9-12); and (c) FDIC-R exercised due diligence in conducting discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion surfaced (Docket No. 302, at pp. 12-13).

    C.  Any other topic defendants deem relevant to the discussion of this matter.

3. Replies and sur-replies will be allowed. They should be submitted without further Court authorization not later than five (5) days after filing of the motion they are responding to (i.e. opposition or reply).

4. No additional motions on this matter are to be tendered or filed without prior Court approval.

**IT SO ORDERED.**

In San Juan, Puerto Rico, April 11, 2014.

                                               S/ <u>Pedro A. Delgado-Hernandez</u>
                                               PEDRO A. DELGADO HERNANDEZ
                                               United States District Judge