# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF R-G PREMIER BANK OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR GÁLAN-ÁLVAREZ, et al.,<br><br>Defendants. | CIVIL NO. 12-1029 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

The FDIC-R initiated this action to recover damages it attributes to the D&Os' negligence. Before the Court are:

(1) The FDIC-R's "Corrected Informative Motion Regarding Incapacity of Defendant Victor Galán-Álvarez" (Docket No. 494), which the D&Os opposed (Docket No. 502);

(2) "The FDIC-R's Motion to Compel Third-Party Witness Statements Obtained by Defendants" (Docket No. 498), which the D&Os opposed (Docket No. 507). The FDIC-R replied (Docket No. 511), and the D&Os sur-replied (Docket No. 512);

(3) The "FDIC-R's Motion for More Time for Defendants' Depositions and Request for Expedited Briefing Schedule" (Docket No. 505), which the D&Os opposed (Docket No. 508);

(4) The "FDIC-R's Motion for Leave to File a Reply in Support of Its Motion for More Time For Defendants' Depositions and Request for Expedited Briefing Schedule" (Docket No. 515)

(5) "Joint Motion to Extend Deadline to File Summary Judgment Motions" (Docket No. 516);

(6) "The D&Os' Motion to Restrict D.E. 512" (Docket No. 517);

(7) "The FDIC-R's Motion to Compel Further Document Production by Defendant XL Specialty Company" (Docket No. 518); and

(8) "The D&Os' Unopposed Motion to Take the Deposition of Scotiabank De Puerto Rico, Inc. A Day after Discovery Period Ends Due to Tropical Storm Erika that is Approaching Miami" (Docket No. 519).

A. FDIC-R's Informative Motion at Docket No. 494

The FDIC-R requests that the court take notice of Mr. Galán-Álvarez' incapacity and allow it to depose him after the current discovery deadline expires if he were to recover from such disability. The D&Os respond by claiming the FDIC-R has been aware of Mr. Galán-Álvarez' incapacity and could have sought the discovery years ago. Further, they contend the FDIC-R seeks an advisory opinion as to whether it might depose Mr. Galán-Álvarez after the discovery deadline, and for that reason, that the request be denied. The FDIC-R may depose Mr. Galán-Álvarez after the discovery cutoff – but prior to the adjudication of this case – if he were to recover from his incapacity. Specific leave from court must be sought not less than 45 days of the intended deposition date.

Case 3:12-cv-01029-PAD-BJM   Document 520   Filed 08/28/15   Page 3 of 8

Federal Deposit Insurance Corporation, v. Galán-Álvarez, et al.
Civil No. 12-1029 (PAD)
Memorandum and Order
Page 3

B. FDIC-R's Motion to Compel at Docket No. 498

The FDIC-R asks the court to order defendants to produce all witness statements obtained from third parties, or at the very minimum, to disclose the identities of such witnesses. Defendants oppose the request alleging that the potential witness statements are not documents within the purview of Fed. R. Civ. P. 26's disclosure provision, and even if they were, they would be protected on attorney work-product grounds.

The scope of discovery is broad. 8 C. Wright, A. Miller, M. Kane, & R. Marcus, Federal Practice and Procedure, § 2001, n. 21 (3d ed.). It is not a one-way proposition. Hickman v. Taylor, 329 U.S. 495, 507 (1947). Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. Id. But discovery, like all matters of procedure, has ultimate and necessary boundaries. Id. Defendants claim one such boundary exists to prevent production of non-parties' sworn statements, to wit, that those statements are not "documents" within the purview of Rule 26; and consist of "work-product."

In Intel Corporation v. VIA Technologies, 204 F.R.D. 450 (N.D.Cal. 2001), the court pointed out that even though a declaration resembles a document in form, in substance it is testimony: a convenient proffer, in written form, of anticipated oral trial testimony. Id. at 451. Similarly, it considered the declaration at issue in that case work product, up until the moment it was filed. Other courts have approached the issue from a different perspective, and divided as to whether an affidavit drafted by an attorney for a witness to adopt and sign under oath following an interview, constitutes attorney work product subject to protection from disclosure. See, Murphy v. Kmart Corporation, 259 F.R.D. 421, 428 (D.S.D. 2009)(so noting).

The work product doctrine serves to ensure that an attorney may properly prepare his client's case with a certain degree of privacy, free from unnecessary intrusion by opposing parties

and their counsel. Hickman, 329 U.S. at 510. It promotes the operation of the adversary system by ensuring that a party cannot obtain material that his opponent has prepared in anticipation of litigation or for trial. In re Grand Jury Subpoena Duces Tecum, 112 F. 3d 910, 924 (8th Cir. 1997)(so stating).

The doctrine is not unrestricted. It extends to, and protects documents setting forth the attorney's theory, thoughts, mental impressions, or trial strategy. Murphy, 259 F.R.D. at 427, 431. If those materials, including affidavits, contain statement of facts within the personal knowledge of the witnesses, their production has not been considered protected. Id. The fact that record attorneys individually have a role in preparing affidavits of laypersons does not suffice to convert what is otherwise purely factual material by an affiant into work product. Ford Motor Company v. Edgewood Properties, 257 F.R.D. 418, 422 (D.N.J. 2009)(so stating). This approach is persuasive in light Fed. R. Civ. P. 26 and the public policy underlying the work-product doctrine.

In the instant case, it is not clear when the sworn statements may have been prepared, for what purpose, or under what circumstances. Nor has the court been briefed on whether the statements only contain a recitation of facts within the ken of the declarants without mental impressions or legal theories of counsel (although whether they so contain could be properly evaluated during an *in camera* review). The party asserting work-product to prevent disclosure, in this instance, the defendants, bears the burden of providing a factual basis for so asserting. Murphy, 259 F.R.D. at 421 (so recognizing).

That said, when a fact witness is disclosed, all parties are on notice that the disclosing side contends the witness has relevant knowledge. Intel Corporation, 204 F.R.D. at 452 (so noting). All are thus on notice that the disclosing side may well have interviewed the witnesses and may have even obtained a statement. Id. All parties are free to contact the fact witness and obtain their

own statements when no party attempts to obstruct access to the witness. Id. There is no explanation in the record as to why the FDIC-R did not contact those individuals within the discovery period (if that is what happened), which may raise questions as to whether it should be entitled to obtain a copy of the sworn statements it has requested on this late date. Be that as it may, however, taking all of these elements into account, the court believes it appropriate to require defendants to produce to the FDIC-R the third-party sworn statements in their possession.

C. FDIC-R's Motion for More Time for Defendants' Depositions at Docket No. 505

The FDIC-R requests the court to allow them three (3) additional hours to depose defendants Rafael Nin-Torregrosa and Gilberto Rivera-Arreaga, and to order those defendants and their counsel to cease disruptive behavior and to respond to the questions during depositions. Nin-Torregrosa and Rivera-Arreaga were already deposed for seven (7) hours, and chose to testify through an English interpreter. Defendants oppose the FDIC-R's request. They contend that because Nin-Torregrosa's and Rivera-Arreaga's depositions were taken more than one hundred and ten (110) and one hundred and twelve (112) days ago, respectively, the FDIC-R waived any right to obtain more deposition time. In the alternative, defendants aver that if the court were to grant the FDIC-R's request, then it should be ordered to pay for defendants' counsel's travel costs and reasonable fees for attending and preparing for any extended deposition.

Defendants' argument is not without merit. This case was initiated on January 18, 2012 (Docket No. 1). On March 6, 2013, the court retroactively granted the parties' "Joint Proposed Discovery Plan Pursuant to Rule 26(f)" (Docket No. 83) and "Motion Suggesting Dates for Case Management Order" (Docket No. 84), setting, among other deadlines, the discovery cutoff date at July 12, 2013 (Docket No. 156). Docket No. 83 was filed on June 4, 2012, and Docket No. 84 on June 14 of that same year. On March 27, 2015, the court granted the FDIC-R's Motion to Reopen

Federal Deposit Insurance Corporation, v. Galán-Álvarez, *et al.*
Civil No. 12-1029 (PAD)
Memorandum and Order
Page 6

Discovery Pursuant to Fed. R. Civ. P. 56(d) (Docket No. 302), allowing it to engage in limited discovery until May 26, 2015, while ordering it to pay the opposing parties' reasonable costs they incur in connection with such discovery (Docket No. 369). That order was subsequently vacated on April 24, 2015, when the court allowed the parties to reopen discovery, and set the cutoff at August 2, 2015 (Docket No. 392). Then, on June 19, 2015, the court extended the discovery deadline to September 2, 2015 (Docket No. 449). Now, nine (9) days prior to the discovery deadline, the FDIC-R requests three (3) additional hours to depose the abovementioned defendants.

Given these circumstances and the timing of the FDIC-R's motion, the court will grant the additional time requested, provided the depositions do not take place beyond the discovery cut-off date, and subject to the deponents' availability. On a final note, the court will refrain from addressing the FDIC-R's allegations pertaining to defendants' and their counsel's purported disruptive behavior during the depositions.

D.  FDIC-R's Motion to Compel at Docket No. 518

The FDIC-R seeks an order for XL Specialty to produce several documents related to two (2) insurance policies involving the D&Os. The FDIC-R's request has been filed on the eve of a discovery deadline, after extra time has been afforded to the parties to complete discovery. Where a party waits to file a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion. See, Coleman v. Starbucks, 2015 WL 2449585, *8 (M.D. Fla. May 22, 2015)(denying motion to compel filed on the eve of the discovery deadline); Everett v. Aldi, Inc., 2009 WL 940379, *6 (N.D. Ind. April 6, 2009)(same). Without full briefing by XL Specialty, it is not feasible to responsibly adjudicate the FDIC-R's motion. To expect XL Specialty to fully brief the issue and for the court to adjudicate the FDIC-R's motion – filed today – prior to the September 2, 2015 discovery deadline would be unreasonable. In consequence, the motion is denied.

Case 3:12-cv-01029-PAD-BJM   Document 520   Filed 08/28/15   Page 7 of 8

Federal Deposit Insurance Corporation, v. Galán-Álvarez, et al.
Civil No. 12-1029 (PAD)
Memorandum and Order
Page 7

E.  Remaining Motions

The FDIC-R's motion for leave to file a reply in connection with its request at Docket No. 505 is denied as moot. The parties Joint Motion to Extend Deadline to File Summary Judgment Motions is granted. Any Motion for Summary Judgment shall be filed not later than January 15, 2015. The D&Os' Motion to Restrict at Docket No. 517 is granted. The D&Os' motion to depose Scotiabank of Puerto Rico a day after the discovery period has elapsed is granted, considering the circumstances beyond the D&Os' control that justify the extension. The deposition may take place not later than September 3, 2015.

**CONCLUSION**

In view of the foregoing, the court rules as follows:

1. The FDIC-R's "Corrected Informative Motion Regarding Incapacity of Defendant Victor Galán-Álvarez" (Docket No. 494) is CONDITIONALLY GRANTED;

2. "The FDIC-R's Motion to Compel Third-Party Witness Statements Obtained by Defendants" (Docket No. 498) is GRANTED;

3. The "FDIC-R's Motion for More Time for Defendants' Depositions and Request for Expedited Briefing Schedule" (Docket No. 505) is CONDITIONALLY GRANTED IN PART;

4. The "FDIC-R's Motion for Leave to File a Reply in Support of Its Motion for More Time For Defendants' Depositions and Request for Expedited Briefing Schedule" (Docket No. 515) is DENIED AS MOOT;

5. "Joint Motion to Extend Deadline to File Summary Judgment Motions" (Docket No. 516) is GRANTED;

6. "The D&Os' Motion to Restrict D.E. 512" (Docket No. 517) is GRANTED;

7. "The FDIC-R's Motion to Compel Further Document Production by Defendant XL Specialty Company" (Docket No. 518) is DENIED; and

8. (8) "The D&Os' Unopposed Motion to Take the Deposition of Scotiabank De Puerto Rico, Inc. A Day after Discovery Period Ends Due to Tropical Storm Erika that is Approaching Miami" (Docket No. 519) is GRANTED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of August, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
