# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF R-G PREMIER BANK OF PUERTO RICO,**<br><br>Plaintiff,<br><br>v.<br><br>**VICTOR GÁLAN-ÁLVAREZ, et al.,**<br><br>Defendants. | **CIVIL NO. 12-1029 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is an action to recover damages the FDI-R attributes to the D&O's negligence. Before the court are:

(1) "The D&Os' Motion to Declare the Pleadings Closed" (Docket No. 526), which the FDIC-R opposed (Docket No. 533). The D&Os replied (Docket No. 541), and the FDIC-R sur-replied (Docket No. 546);

(2) "The D&Os' Motion to Compel Production of Documents and Complete Testimony by Scotiabank" (Docket No. 536), which the FDIC-R and Scotiabank opposed (Docket Nos. 552 and 553, respectively); and

(3) Codefendants James Lynn and Sylvia Díaz-Rodríguez' "Motion Requesting Stay of Proceedings" (Docket No. 544), with the FDIC-R's response (Docket No. 559)

These motions were filed between September 2, 2015, and September 30, 2015. They are DENIED with the exception of the one filed by codefendants Lynn and Díaz-Rodríguez, which is GRANTED as to those codefendants.

A.  The D&Os' Motion to Declare the Pleadings Closed

The D&Os request an order enjoining the FDIC-R from attempting to amend the complaint (Docket No. 526 at p. 10). They direct the court's attention to comments made by an FDIC-R corporate designee, and the FDIC-R's corporate counsel. The designee said the agency may move to conform its pleadings to the evidence gathered through discovery after it files its expert report. Along the same line, counsel stated that the agency's plan all along has been to amend the complaint at the conclusion of fact discovery to conform it to the proof. Id. at pp. 2, 7. In the D&Os' view, allowing the FDIC-R to amend the complaint would be contrary to the Federal Rules of Civil Procedure and violate due process. Id. at p. 9.

The FDIC-R counters that (1) to the extent no leave to amend the complaint has been sought, the D&Os are essentially asking for an advisory opinion; (2) the D&Os seek to constrain the FDIC-R's case to the factual allegations in the complaint, contrary to what it understands is required by applicable law; and (3) even though it does not anticipate moving to amend the complaint, if it were to do so it would use an adequate procedural vehicle (Docket No. 533 at pp. 5-7).[1]

Having carefully evaluated the D&Os' motion and related filings, their request must be denied. None of the cases they cite evaluate the validity or soundness of prohibiting a party from trying to amend pleadings before that party moves the court for leave to do so.[2] In the same way,

---

[1] The FDIC-R claims to have suggested amending the complaint in response to the D&Os' service of 15 letters threatening sanctions under Fed.R.Civ.P. 11, so as to not "burdening the court with these motions" and "to clarify issues where discovery has revealed new information about issues such as damages and deficiencies in the loans." Id. at p. 7.

[2] See, e.g., Afshari v. Bear Archery Inc., 2015 WL 4730753, at *2 (E.D. Ky. Aug. 10, 2015)(denying plaintiff's motion for leave to amend filed on the eve of discovery deadline); Regional Care Services. v. Companion Life Ins. Co., 2012 WL 1018937, at *6 (D. Ariz. Mar. 26, 2012)(denying plaintiff's motion to amend filed after the close of discovery); Edwards v. Cass County, Tex., 919 F.2d 273, 275 (5th Cir. 1990)(affirming district court's refusal to allow the filing

the FDIC-R has not moved to amend the complaint. A ruling now on whether any such amendment should be authorized at this very late stage of the proceedings would not be appropriate.

      B.      <u>The D&Os' Motion to Compel</u>

The D&Os ask that Scotiabank be compelled to produce several documents requested under a *subpoena* served on May 27, 2015. The documents were to be produced prior to the deposition of Scotiabank's corporate designee, scheduled for August 31, 2015. The D&Os assert that during the deposition they learned that Scotiabank failed to include documents responsive to several requests.[3]

In addition, the D&O's complain that Scotiabank did not produce an adequately prepared corporate representative, as Roberto Antonio Romanelli-Arias refused to answer questions pertaining to Scotiabank's aborted pre-April 2010 direct purchase of R-G, even though that topic was listed as an area of examination in the *subpoena*. For that reason, they request authorization to reopen the deposition for the limited purpose of questioning Scotiabank on that matter.

Both the FDIC-R and Scotiabank oppose the D&Os' requests (Docket Nos. 552 and 553, respectively). The FDIC-R maintains the D&Os motion should be denied as untimely, but that if it were granted, the court should also allow production of several documents related to the two (2) insurance policies issued by XL Specialty that the FDIC-R requested at Docket No. 518, which was denied on timeliness grounds (Docket Nos. 520, 521).

---

of a substantive motion on the eve of trial, three months after the expiration of the deadline to do so); <u>Trans-Spec Truck Serv., Inc.</u> v. <u>Caterpillar Inc.</u>, 524 F.3d 315, 327 (1st Cir. 2008)(affirming district court's denial of plaintiff's motion to amend filed eleven months after the deadline established by the scheduling order); <u>Morritt</u> v. <u>Stryker Corp.</u>, 973 F.Supp.2d 177, 183 (E.D.N.Y. 2013)(denying motion to amend the complaint, filed after a motion for summary judgment); <u>Fermin</u> v. <u>Toyota Material Handling, U.S.A., Inc.</u>, 2012 WL 1393074, at *2 (D.N.J. Apr. 23, 2012)(denying plaintiff's motion for leave to amend filed more than seven months after the deadline to amend pleadings expired).

[3] Namely, request nos. 1, 3, 5, 6, 7, 9(a), and 15.

In turn, Scotiabank claims to have been cooperative with the D&Os, producing over 3,000 pages of responsive documents while incurring in over $50,000 to so comply.[4] Further, it points out that the D&Os' motion was filed after the discovery period ended, requesting documents that (1) were already produced; (2) were never requested; or (3) fall outside the parties' claims and defenses. In connection with the D&Os' request that the deposition be reopened, it states to have advised the D&Os early on, that its knowledge on that bank's aborted pre-April 2010 direct purchase of R-G was limited, as those negotiations were handled by its parent company – the Bank of Nova Scotia ("BNS"). By extension, it offered to produce BNS officer Andres Cruells, who participated in the negotiations with the FDIC, for a deposition to be taken in Toronto, Canada, but the D&Os refused and demanded that Scotiabank produce an adequately-prepared witness to appear in Puerto Rico. Scotiabank then designated Mr. Romanelli-Arias, and represents to have prepared him with the information it reasonably had available. On that basis, it requests that the D&Os' motion to compel be denied and that they be ordered to pay $50,000.00 for the documents Scotiabank has produced.

The complaint was filed on January 18, 2012 (Docket No. 1). On March 6, 2013, the court retroactively granted the parties' "Joint Proposed Discovery Plan Pursuant to Rule 26(f)" (Docket No. 83) and "Motion Suggesting Dates for Case Management Order" (Docket No. 84), setting, among other deadlines, July 12, 2013 as the discovery cutoff date (Docket No. 156). On March 27, 2015, the court granted the FDIC-R's "Motion to Reopen Discovery Pursuant to Fed. R. Civ. P. 56(d)" (Docket No. 302), allowing it to engage in limited discovery until May 26, 2015. (Docket No. 369). That order was subsequently vacated on April 24, 2015, after the court decided,

---

[4] Out of those 3,000 documents, it produced over 2,000 pages of electronically stored information responsive specifically to the requests whose production the D&Os now seek to compel.

monitoring the docket, to permit reciprocal discovery until August 2, 2015 (Docket No. 392). Finally, on June 19, 2015, it moved the discovery deadline to September 2, 2015 (Docket No. 449).

Within this framework, Scotiabank and the D&Os agreed to take the deposition of Scotiabank's corporate designee in Puerto Rico on August 31, 2015. On August 28, 2015, due to the passing of tropical storm Erika, the D&Os requested – and were granted – permission to take the deposition on September 3, 2015 (Docket Nos. 519 and 520).[5] The motion at issue was filed on September 17, 2015, that is, fifteen (15) days after the final closing of all factual discovery, fourteen (14) days after Mr. Romanelli-Arias' deposition.

Given the procedural posture of the litigation, the discovery extension the D&Os ask for is not warranted. See, e.g., Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009)(affirming denial of motion to compel filed after the closing of discovery); Days Inn Worldwide, Inc. v. Sonia Inv., 237 F.R.D. 395, 398-99 (N.D.Tex. 2006)(denying motion to compel filed two weeks after deadline to finalize discovery). Scotiabank's request that the D&Os be ordered to pay $50,000.00 is also denied. At the same time, the D&Os shall abide by their previously made assurance and reimburse Scotiabank the agreed upon sum of $15,000.00.

  C. Lynn and Díaz-Rodríguez' Motion to Stay

Codefendants Lynn and Díaz-Rodríguez inform that they have filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code, and request that the court stay the proceedings here in light of that filing. The FDIC-R has no objection, so long as the stay is limited to these

---

[5] The motion stated, among other things: "[t]o be clear, the D&Os do not propose that the discovery deadline be extended, but instead that they be permitted to take this one deposition one day outside of the discovery period due to tropical storm Erika that is approaching Miami, where counsel for the D&Os are located." Docket No. 519 at ¶ 7.

two (2) particular defendants. Accordingly, the FDIC-R's case against Lynn and Díaz-Rodríguez is STAYED until after it seeks and obtains relief from the automatic stay in Bankruptcy Court.

## CONCLUSION

In view of the foregoing, "The D&Os' Motion to Declare the Pleadings Closed" (Docket No. 526) and "The D&Os' Motion to Compel Production of Documents and Complete Testimony by Scotiabank" (Docket No. 536) are DENIED. Codefendants James Lynn and Sylvia Díaz-Rodríguez' "Motion Requesting Stay of Proceedings" (Docket No. 544) is GRANTED as it pertains to these two (2) particular defendants.

**SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of October, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge