# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF R-G PREMIER BANK OF PUERTO RICO,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL NO. 12-1029 (PAD)** |
| **VICTOR GÁLAN-ÁLVAREZ, <u>et al.</u>,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

The FDIC-R initiated this action to recover damages that it attributes to the gross negligence and breach of fiduciary duties of Directors and Officers of R-G Premier Bank of Puerto Rico ("D&Os"). Before the court is the "The D&Os' Urgent Motion to Strike More than Two-Hundred Unpleaded, Purported Allegations from the FDIC's Expert Report of Richard W. George, Incorporating Motion for Expedited Treatment" (Docket No. 580), which the FDIC-R opposed (Docket No. 595). The D&Os replied (Docket No. 602), and the FDIC-R sur-replied (Docket No. 617). For the reasons below, the motion is GRANTED IN PART to the extent it seeks exclusion of George's references to loans not referred to in the complaint. Consequently, the FDIC-R may not rely on any of those loans in order to establish liability here.

## I.    BACKGROUND

The complaint was filed on January 18, 2012 (Docket No. 1). On March 6, 2013, the court retroactively granted the parties' "Joint Proposed Discovery Plan Pursuant to Rule 26(f)" (Docket No. 83) and "Motion Suggesting Dates for Case Management Order" (Docket No. 84), setting,

among other deadlines, July 12, 2013 as the discovery cutoff date (Docket No. 156). On March 27, 2015, the court granted the FDIC-R's "Motion to Reopen Discovery Pursuant to Fed. R. Civ. P. 56(d)" (Docket No. 302), allowing it to engage in limited discovery until May 26, 2015 (Docket No. 369). That order was subsequently vacated on April 24, 2015, after the court decided, monitoring the docket, to permit reciprocal discovery until August 2, 2015 (Docket No. 392). Finally, on June 19, 2015, it moved the factual discovery deadline to September 2, 2015, and the expert witness discovery until December 2, 2015 (Docket No. 449).

## II.   PARTIES' ARGUMENTS

The D&Os allege that on October 19, 2015 – more than three (3) years after the filing of the complaint – they were served with the expert report of Richard W. George, wherein the FDIC-R abandoned one hundred and twenty (120) of the original one hundred and eighty-four (184) pleaded allegations, and purported to amend the complaint by setting forth two hundred and forty (240) new allegations and theories of liability not previously included in its complaint. Also, that they had previously requested the FDIC-R – via interrogatory – to disclose all acts of purported gross negligence, and the FDIC-R certified having it done so in the complaint. But, according to the D&Os, the FDIC-R now seeks to include new allegations without having supplemented its answers to the interrogatories, in violation of continuing discovery obligations. In the D&Os' view, allowing the FDIC-R to rely on George's report would subject them to an unfair surprise as they were unable to conduct full discovery on those allegations; and would be contrary to the Federal Rules of Civil Procedure. As such, they request that George's expert report be stricken from the record and that the FDIC-R be enjoined from relying on those allegations as part of their case-in-chief. See, Docket No. 580.

In turn, the FDIC-R contends that the D&Os' motion is predicated on a false premise, namely, that George's expert report offers new theories of liability and that the FDIC-R had abandoned one hundred and twenty (120) allegations.  According to the FDIC-R, George's report focuses on what it describes as "numerous reckless, multi-million dollar construction loans" that were "approved despite numerous underwriting deficiencies" such as the ones referred to in the complaint in support of its gross negligence and breach of fiduciary duties claims (Docket No. 595 at p. 2).  And even though the D&Os had the opportunity to conduct discovery on those deficiencies, they strategically chose not to.  Id. at pp. 14-18.

In addition, the FDIC-R contends that George need not rely only on facts included in the complaint, for an expert may rely on facts outside the four corners of the complaint.  Id. at pp. 13-14.  In connection with the D&Os' argument that the FDIC-R failed to disclose the allegations in their response to the interrogatory, the latter avers that it never responded to such an interrogatory, but rather objected to it on overly-broadness and vagueness grounds.  And to the extent the D&Os never moved to compel an answer, the FDIC-R need not amend its objection.  Id. at pp. 18-19. Finally, the FDIC-R claims the D&Os assert no valid basis for prejudice, and that it would be the FDIC-R which would be severely prejudiced if the court were to exclude George's report.  Id. at pp. 21-24.

## III.   DISCUSSION

The FDIC-R's claims against the D&Os are for (1) grossly negligent failure to adequately supervise R-G's lending; and (2) grossly negligent direct approval of risky loans (Docket No. 1 at ¶¶ 248-260).[1]  In support of its claims, the FDIC-R avers that between November 24, 2004 and

---

[1] The former claim is against all D&Os except Berrios, Lynn, and Prats; while the latter claim is against all D&Os except Agosto.  Id.

December 24, 2008, each of the D&Os – except for Agosto – personally and in violation of the duties owed by them to R-G, approved a total of sixty (60) loans which resulted in significant losses to the bank.  Each one of the loans, collectively referred to as "target loans," is thoroughly described in the complaint.  Id. at ¶¶ 56-236.

The fundamental purpose of pleadings rules is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him.  Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008).  The court is cognizant that "the pleading standard Rule 8 announces does not require detailed factual allegations" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(so noting).  And that "plaintiffs need not plead facts in the complaint that establish a prima facie case ... nor must they allege every fact necessary to win at trial."  Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 24 (1st Cir. 2014).

But the complaint here does not seem to suggest that the FDIC-R intended to rely – at the time it filed the complaint – on any additional loans in support of its claims against the D&Os.  Instead, its claims appear to be exclusively predicated on the sixty (60) loans that it included in the complaint.[2]  The court notes this case was filed almost four (4) years ago.  And several extensions of discovery and related deadlines have been granted, such that the parties – and most importantly the FDIC-R, who bears the burden of proof – have had extensive opportunities to gather evidence and supplement their respective claims.  Yet at no point the FDIC-R moved to amend its pleadings so as to conform it to the evidence it has.

---

[2] For example, the complaint does not allege the FDIC-R's reliance "includes but is not limited" to those loans.  In its opposition, the FDIC-R appears to suggest it does so.  See, Docket No. 595 at p. 2 ("For each Target Loan, the Complaint alleges the loans were approved 'despite numerous underwriting deficiencies **including but not limited to**' the examples provided in the Complaint").  Nevertheless, the portions of the complaint it refers to – namely, paragraphs 58, 61, 64, 67 – do not include that, or any other analogous language, as the FDIC-R now erroneously suggests.

Through George's expert report, the FDIC-R appears to rely on additional transactions outside of the target loans included in the complaint in order to support its claims against the D&Os. See, Docket No. 580, Exh. 1. However, a plaintiff's complaint cannot be amended by an expert report. See e.g., Oliver v. Ralphs Grocery Co., 654 F.3d 903, 909 (9th Cir. 2011)(holding, in the context of an Americans with Disabilities Act claim, that "[i]n general, only disclosures of barriers in a properly pleaded complaint can provide [adequate] notice; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute"); see also, Gray v. City of Kern, 2015 WL 7352302, *13 (E.D. Cal. Nov. 19, 2015)(holding, in the context of another barrier-provision of the Americans with Disabilities Act that "[p]laintiff did not seek leave to amend to include the allegations from the expert report. Bypassing that step amounts to bypassing the opportunity to give Defendant proper notice").

That the D&Os had the opportunity to conduct discovery on those additional loans but chose not to requires no different result. The FDIC-R contends that the "defense counsel did not ask to review Ms. Potts's notes until the very end of the deposition" and that they "declined to ask a single question about the substance of the notes" even though they contained "numerous obvious loan deficiencies, including the lack of appraisals for the collateral, the lack of borrower financial information, and woefully deficient market analysis of the projects" (Docket No. 595 at p. 16). But these arguments miss the mark.

As mentioned before, the FDIC-R had ample opportunity to seek leave to amend the complaint and conform its pleadings to the evidence gathered through extended discovery; it chose not to. In addition, it served George's report upon the D&Os on October 19, 2015. By that time the factual discovery deadline had elapsed by more than a month. And the transactions referred to by George, whose reliance the D&Os object, were not included in the complaint, and thus, were

never subject to Rule 12 motions from the D&Os.  What is more, the record reflects the D&Os repeatedly inquired on whether the FDIC-R intended to rely solely on the transactions included in the complaint.  But the FDIC-R objected such questions.  <u>See e.g.</u>, the Fed.R.Civ.P. 30(b)(6) deposition transcript of Mary Potts, 89: 20-25; 90:1-24, filed at Docket No. 603, Exh. 1.

The court is aware that experts need not limit themselves to facts specifically listed in the complaint in order to render an opinion in a given case.  Yet, given the particularities of this case, and the reasons articulated above, to allow the FDIC-R to rely on additional loans in support of its claims at this late stage would entail reopening discovery and motions under Fed.R.Civ.P. 12 to allow the D&Os to properly defend against those transactions.  That would of course result in further delay.  And after nearly four (4) years of litigation, this case must move forward toward disposition.

On a final point, the court notes George's qualifications as an expert have not been challenged via <u>Daubert</u> motion or otherwise.  A preliminary review of his credentials included at Docket No. 580, Exh. 1 leaves little margin to do so.  As such, the court finds that his testimony as it pertains to the target loans referred to in the complaint is admissible in support of the FDIC-R's claims against the D&Os.

## IV.  <u>CONCLUSSION</u>

In light of the foregoing, "The D&Os' Urgent Motion to Strike More than Two-Hundred Unpleaded, Purported Allegations from the FDIC's Expert Report of Richard W. George, Incorporating Motion for Expedited Treatment" (Docket No. 580) is GRANTED IN PART.  The FDIC-R may not rely on the portions of George's report in which he makes reference to transactions outside of those included in the complaint.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of December, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge