# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF R-G PREMIER BANK OF PUERTO RICO,**

Plaintiff,

v.

**VICTOR GÁLAN-ÁLVAREZ, et al.,**

Defendants.

CIVIL NO. 12-1029 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court are various motions for summary judgment, motions to strike and evidentiary objections; a motion for contempt and a motion for *in camera* review; and oppositions, replies and sur-replies, in addition to attachments and exhibits, as follows:

- Ramón Prats, his wife Teresita Noble Fernández and their Conjugal Partnership's motion for summary judgment (Docket No. 861), which the FDIC-R opposed (Docket No. 965). Prats replied (Docket No. 999), and the FDIC-R surreplied (Docket No. 1011).

- The FDIC-R's motion for partial summary judgment (Docket No. 867), which was opposed by the Estate of Joseph Abrahamson[1] (Docket No. 968), James Lynn, Syldia Rodríguez and their Conjugal Partnership (Docket No. 970), and the D&Os[2] (Docket No. 973). Roberto

---

[1] The members of the estate of Joseph Abrahamson are Margarita Colón, Joseph Alexei Abrahamson Colón, Anthony Joel Abrahamson Colón, and Andrew James Abrahamson Colón.

[2] The D&Os are Juan Agosto-Alicea, the heirs of Laureno Carus, Benigno R. Fernández-Rosario, Melba Figueroa-Padilla, Víctor Galá-Alvarez, Víctor L. Galán-Fundora, Roberto Gorbea-Frontera, the heirs of Eduardo McCormack, Iván Méndez, Rafael Nin-Torregrosa, Gilberto Rivera-Arreaga, Rolando Rodríguez-Mancebo, and Enrique Umpierre-Suárez.

Díaz-Díaz, in his capacity as Executor of the Estate of Ileana Colón-Carlo, joined the D&Os opposition (Docket No. 1077). The FDIC-R replied (Docket No. 986), and the D&Os surreplied (Docket No. 1013), which Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón-Carlo, joined (Docket No. 1077). James Lynn, Syldia Rodríguez and their Conjugal Partnership also surreplied (Docket No. 1014). In connection with the FDIC-R's motion for partial summary judgment, the D&Os filed their "Motion to Strike Previously Undisclosed Opinions of Richard George and the FDIC's Statement of Material Facts" (Docket No. 992). The FDIC-R opposed (Docket No. 1021), and the D&Os replied (Docket No. 1029). Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón-Carlo, joined the D&Os reply (Docket No. 1077). In connection with defendants' oppositions to the motion for partial summary judgment, the FDIC-R filed its "Motion to Strike Improper References to or Reliance on Expert Reports" (Docket No. 988), which was opposed by the D&Os (Docket No. 1022) and the Estate of Joseph Abrahamson (Docket No. 1023). Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón-Carlo, joined the D&Os opposition (Docket No. 1077). The FIDC-R replied (Docket No. 1027).

- The D&Os' motion for summary judgment (Docket No. 872), which Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón-Carlo, joined (Docket No. 1077). The FDIC-R opposed (Docket No. 964). The D&Os replied (Docket No. 990), which Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón-Carlo, joined (Docket No. 1077). The FDIC-R surreplied (Docket No. 1011). In connection with the FDIC-R's opposition to the motion for summary judgment, the D&Os filed their "Motion to Strike Previously Undisclosed Opinions of Richard George and the FDIC's

    Statement of Material Facts" (Docket No. 992), which Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón Carlo, joined (Docket No. 1077). The FDIC-R opposed (Docket No. 1021), and the D&Os replied (Docket No. 1029), which Roberto Díaz-Díaz, in his capacity as the Executor of the Estate of Ileana Colón Carlo, joined (Docket No. 1077).

- Victor Irizarry-Ortiz, Adriana Roig-López and their Conjugal Partnership's motion for summary judgment (Docket No. 865), which the FDIC-R opposed (Docket No. 966). In connection with the motion for summary judgment, the Estate of Joseph Abrahamson filed its "Motion for Joinder to the Legal Discussion Included in the Motion for Summary Judgment" (Docket No. 870).

- The D&Os' motion for contempt (Docket No. 923), the FDIC-R opposed (Docket No. 930). The D&Os replied (Docket No. 934) and the FDIC-R surreplied (Docket No. 942). In connection with the D&Os reply in support of their motion for contempt, the FDIC-R filed a motion submitting exhibits for in camera review (Docket No. 943), which the D&Os moved to strike (Docket No. 944). The FDIC-R opposed (Docket No. 949) and the D&Os replied (Docket No. 954).

- The FDIC-R's motion objecting to evidence submitted in support of: 1) the D&Os' motion for summary judgment; 2) the Estate of Joseph Abrahamson's opposition to the FDIC-R's motion for summary judgment; 3) Prats' motion for summary judgment; 4) Irizarry's motion for summary judgment; 5) the D&Os' opposition to the FDIC-R's motion for partial summary judgment; and 6) Lynn's opposition to the FDIC-R's motion for partial summary

judgment (Docket No. 1031). The motion was opposed by Prats (Docket No. 1049), the Estate of Joseph Abrahamson (Docket No. 1055), and the D&Os (Docket No. 1057).

The materials, which the court has thoroughly evaluated, were filed in connection with the summary judgment cycle between May 2018 and October 2018. The court reviewed the cases the parties cited and conducted its own research. As the materials consist of 9,809 pages, in granting a motion, unless otherwise stated the court generally found persuasive the arguments and authorities raised on the motion ruled on and/or by way of reply. Likewise, in general, in denying a motion the court found persuasive the arguments and authorities raised in the opposition and/or surreply.[3] So considered:

- Prats' motion for summary judgment (Docket No. 861) is DENIED.

- The FDIC-R's motion for partial summary judgment (Docket No. 867) is GRANTED IN PART and DENIED IN PART. The motion is granted as to Project Themis (id. at p. 19), pre-receivership conduct of FDIC-C (id. at pp. 19, 31) failure to mitigate damages, setoff and apportionment as applied to pre-receivership conduct (id. at pp. 19, 41-42, 45),[4] and articles of incorporation (id. at p. 46). It is denied as to the economy as intervening cause (id. at pp. 18, 21) and business judgment rule (id. at pp. 20, 44).[5] Topics such as affirmative

---

[3] The court reserves its discretion to clarify rulings as it deems necessary in subsequent stages of the litigation.

[4] The FDIC as receiver is subject to defenses based on state law, including those arising out of the FDIC's post-appointment conduct. See, FDIC v. Arrillaga-Torrens, 212 F.Supp.3d 312, 348-349 (D.P.R. 2016)(examining issue).

[5] The FDIC-R states that as recognized in Arrillaga-Torrens, 212 F.Supp.3d at 341, the business judgment rule does not shield directors against grossly negligent conduct under Puerto Rico law, and thus, an officer or director's good faith does not provide immunity against a finding of gross negligence (Docket No. 867, p. 44). True, but gross negligence involves fluid concepts like reasonableness and foreseeability (id. at 343 (addressing topic), and in a setting like the one at bar, resolving such claims is for the factfinder. Id. at 341-343. To that end, the totality of circumstances including – without exhausting the subject – diligence, honesty and prudence may be considered as foundation for the defendants to factually challenge the FDIC-R's assertion of gross negligence by presenting a competing version of events. See, Arrillaga-Torrens, 2012 F.Supp.3d at 341 & n.12 (referring to those factors in evaluating FDIC-R's motion for summary judgment). In the end, those and other contextually relevant factors cannot be isolated from each

- defenses (id. at pp. 20, 47), "reservation of rights" and "burden of proof" are best handled in preparation for trial at the pretrial conference.

- The D&O's motion for summary judgment (Docket No. 872) is DENIED.[6]

- Irizarry's motion for summary judgment (Docket No. 865) is DENIED.

- The FDIC-R's motion to strike improper references to or reliance on expert reports (Docket No. 988) is DENIED.

- The FDIC-R's motion objecting to evidence submitted in support of various motions for summary judgment or partial summary judgment (Docket No. 1031) is DENIED.

- The D&O's motion to strike previously undisclosed opinions of Richard George and FDIC-R's statement of material fact (Docket No. 992) is GRANTED IN PART. The court was clear in its order of October 25, 2017 that moving targets – a problem arising out of the FDIC-R's choice of the method and timing of disclosure of the grounds it relies on in support of its claims – are unacceptable. Thus, the FDIC-R should not inject new purported loan deficiencies under the guise of additional opinions from its expert. A "general scheme" standard to justify elaborations on previously disclosed expert reports is inappropriate in this context. To this extent, the court is in agreement with the movants' thesis. However, the principle does not operate to exclude complete paragraphs, but to

---

other. However, if at the end of the day, defendants' sole argument were that they acted with good faith, they would not prevail as a matter of law.

[6] The D&Os contend the case is untimely as to all of the Target loans except the August 18, 2009 extension to the Venetian Investment Group loan (Docket No. 872, pp. 5-28). The FDIC-R opposes relying in part on the doctrine of "adverse domination" (Docket No. 964, p. 18 & n. 11). As pointed out in Arrillaga-Torrens, 212 F.Supp.3d at 334-335, however, O'Melveny & Myers v. FDIC, 512 U.S. 78 (1991), appears to foreclose reliance on this doctrine "at least to the extent [it] is informed by nothing but federal caselaw." Arrillaga-Torrens, 212 F.Supp.3d at 334. Still, the principles of substantive Puerto Rico law discussed in Arrillaga-Torrens, apply to prevent summary judgment on timeliness grounds. Id. at 329-336 (evaluating issue).

preclude the elaboration of material such as the one the FDIC-R presents as "4th comment" in pages 10-11 of its opposition to the D&O's motion, as well as what it claims the record suggests in connection with that same comment. See, FDIC-R's opposition at Docket No. 1021, pp. 10-11. The exclusion of these elaborations does not alter the rulings on other motions.[7]

MOTION FOR CONTEMPT

The D&O's motion for contempt (Docket No. 923), FDIC-R's motion submitting exhibits for an *in camera* review (Docket No. 943), and D&O's motion to strike the FDIC-R's motion submitting the exhibits (Docket No. 944), are related to the FDIC-R's failure to comply with the order of June 25, 2018 to produce the Loan Matrix by June 30, 2018 (Docket No. 918). For that failure, the D&O's request a variety of remedies, including contempt; substantial fines; striking of the George report and his testimony from trial; and that the FDIC-R's attorneys be required to produce copies of any communication they had with the expert, including notes and workpapers, and the D&O's be permitted to re-depose the expert with those documents (Docket No. 923, pp. 1, 12-13; Docket No. 934, pp. 1-2, 6-7). They observe this problem may raise a serious spoliation issue (Docket No. 923, p. 11).

Neither the FDIC-R's motion at Docket No. 943 nor its accompanying exhibits will be stricken. They will remain under the viewing restriction pursuant to which they were filed. Hence, to the extent that motion requests an *in camera* review of materials under seal, it its GRANTED,

---

[7] Counsel for the D&O's wrote that "the court has repeatedly *bailed ... out*" the FDIC-R and "been *unnaturally generous*" in letting the FDIC repeatedly move the goalposts and change its case and theories of liability" (Docket No. 992, p. 6)(emphasis added). Counsel should know that advocacy, even strong advocacy, does not justify that choice of words.

and the motion at Docket No. 944 DENIED. But the court has serious reservations on why the Loan Matrix has not been produced, and in all fairness, the only way to put an end to this controversy is to test the FDIC-R's explanation(s) through an open adversarial process.[8] A hearing is scheduled for March 15, 2019 at 2:00 p.m., for the FDIC-R to show and explain, with testimony and other evidence, why the Loan Matrix has not been produced, and the appropriate remedy to deal with the failure to produce it.[9] In the meantime, the court reserves judgment on the D&O's motion for contempt (Docket No. 923).

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of February, 2019.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[8] The D&O's mention that if the FDIC had actually used Google Documents, the only known scenario in which the Loan Matrix could have disappeared would be if the FDIC or its lawyers had affirmatively deleted it, in a two-step process (Docket No. 923, p. 11; Docket No. 934, p. 5). Also, they ask whether "the FDIC expert lied about the nature of the Loan Matrix at this deposition (which would call into question whether he can serve as the expert in this case)" (Docket No. 934, p. 2).

[9] The court will only approve expenses charged against the insurance policy for one out-of-Puerto Rico counsel. Advance approval must be sought for additional expenses related to this hearing, with the grounds in support of the request.